■ In the Matter of the Claim of JOSEPH PEREIRA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 31, 1978, disqualifying claimant from receiving benefits because he refused employment without good cause. Claimant was last employed by a tree service company when

he was laid off on December 30, 1977, because of a lack of work. He previously had worked about three years as a route salesman for a dairy. He filed an original claim for benefits on Janaury 2, 1978. On January 19, 1978, an interviewer informed him that his former employer had work for him. He went to see his former employer who offered him a job at which time he told his former employer that he would leave as soon as he was recalled by the tree service company. The job at the dairy paid $3.40 per hour, and the job at the tree service company paid $9.05 per hour. Upon being advised of this, the former employer withdrew the offer of employment. On Janaury 31, 1978, the Industrial Commissioner determined that claimant had refused the offer of a suitable job without good cause. Claimant requested a hearing asserting that he had not refused the job. The referee found "that claimant's statement to the employer that he would only work temporarily tended to cause the employer not to hire the claimant. Such statement is a discouragement of the offered employment". At the hearing, a letter from the tree service company was received indicating that claimant had been temporarily laid off, and that it was planned to rehire him as soon as possible. Claimant's statement that he was advised by the unemployment insurance office to inform the former employer of his intent to return to the tree service company is not contradicted in the record. A claimant is, however, privileged to disclose the fact that he intends to return to employment with a former employer to the employment interviewer and to a prospective employer, providing he accepts the offer of employment and leaves to the prospective employer the decision of whether or not the offer remains open (App Bd Dec 1425-39, NY CCH Unemployment Ins Rep, par 1965.60, p 692). While claimant's disclosure caused the prospective employer to withdraw the offer of employment, such disclosure cannot be held to be a refusal of employment. On this record, it cannot be said that the decision of the board that this claimant refused employment is supported by substantial evidence. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.